UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT THOMAS

        Plaintiff,

  v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

        Defendant.

**DECISION
and
ORDER**

**17-CV-00203-LGF
(consent)**

---

APPEARANCES:     LAW OFFICES OF KENNETH A. HILLER
             Attorneys for Plaintiff
             JEANNE NURRAY, of Counsel
             6000 Bailey Avenue
             Suite 1A
             Amherst, New York 14226

             JAMES P. KENNEDY
             ACTING UNITED STATES ATTORNEY
             Attorney for Defendant
             CATHERINE ZURBRUGG
             Assistant United States Attorney, of Counsel
             Federal Centre
             138 Delaware Avenue
             Buffalo, New York 14202, and

             STEPHEN P. CONTE
             Regional Chief Counsel
             United States Social Security Administration
             Office of the General Counsel, of Counsel
             26 Federal Plaza
             Room 3904
             New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 20), to proceed before the undersigned. (Dkt. No. 20-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on November 29, 2017, by Plaintiff (Dkt. No. 16), and on January 29, 2018, by Defendant (Dkt. No. 19).

## BACKGROUND and FACTS

Plaintiff Robert Thomas ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on November 14, 1976 (R.34), alleges that he became disabled on January 21, 2014, when he stopped working as a result of depression, chronic back pain, and panic attacks. (R. 145).

Plaintiff's application for disability benefits was initially denied by Defendant on March 11, 2014 (R. 63), and, pursuant to Plaintiff's request on March 13, 2014, a hearing was held before Administrative Law Judge Christopher Juge ("Judge Juge" or "the ALJ") on July 16, 2016, in Buffalo, New York, where Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified at the hearing. (R. 31-52). The ALJ's decision denying Plaintiff's claim was rendered on August 1, 2016. (R. 19-27). Plaintiff

requested review by the Appeals Council, and on January 6, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on March 6, 2017, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On November 29, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 16) ("Plaintiff's Memorandum"). Defendant filed, on January 29, 2018, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 19) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion for judgment on the pleadings on January 10, 2017 ("Plaintiff's Reply Memorandum") (Dkt. No. 22). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.** <u>**Standard and Scope of Judicial Review**</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402

3

U.S. 389, 401 (1971).  Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion."  *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience."  *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).  If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight.  *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).  The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the factual findings of the Secretary,[2] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

      The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[3] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age,

---

[3] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.** **<u>Substantial Gainful Activity</u>**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ determined that Plaintiff did not meet Plaintiff's burden of proof to establish that Plaintiff did not engage in substantial gainful activity at step one of the sequential disability evaluation. (R. 21). In particular, the ALJ

found that Plaintiff worked as a baker from March 1, 2014 until June 9, 2014, with earnings of $553.00 during the first quarter of 2014, earnings of $3,465.00 during the second quarter of 2014, and earnings of $940 during the third quarter of 2014. Significantly, these earnings are inconsistent with Plaintiff's alleged date of disability of January 21, 2014. Plaintiff also testified that he worked as a handyman on occasion during that same period. (R. 215). Plaintiff does not contest the ALJ's finding that Plaintiff is not disabled at step one of the sequential disability analysis. Substantial evidence thus supports the ALJ's finding that Plaintiff engaged in substantial gainful activity during the relevant period of disability. Plaintiff's motion for judgment on the pleadings alleging error in the ALJ's subsequent steps of the disability analysis is DENIED.

Because the undersigned finds Plaintiff is not disabled at the first step of the five-step evaluation, the remaining steps are not considered. *See* 20 C.F.R. § 404.1520(b), *Cutter v. Colvin*, 673 Fed. App'x. 78, 80 (2d Cir. 2016) (a finding of not disabled is automatic if you are doing substantial gainful activity).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 16) is DENIED; Defendant's motion (Doc. No. 19) is GRANTED. The Clerk of Court is ordered to close the file.
SO ORDERED.

               /s/ *Leslie G. Foschio*

              LESLIE G. FOSCHIO
          UNITED STATES MAGISTRATE JUDGE

DATED: October 4, 2018
      Buffalo, New York